Commonwealth of Pennsylvania, Department of Transportation, Plaintiff *v.* John Pindar and Ballard Enterprises, Inc., Defendants.

Argued February 1, 1984, before Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Spencer A. Manthorpe,* Chief Counsel, with him *John V. Rovinsky,* Assistant Counsel, and *Jay C. Waldman,* General Counsel, for plaintiff.

*Charles R. Pedri, Laputka, Bayless, Ecker & Cohn, P.C.,* for defendants.

Opinion by Judge Palladino, April 26, 1984:

Before this Court are exceptions filed by John Pindar and Ballard Enterprises, Inc. (Defendants) to an adjudication and decree nisi issued by Judge Lehman. We affirm the decree nisi and dismiss Defendants' exceptions.

The Pennsylvania Department of Transportation (Department) filed an original action pursuant to Section 10 of the Outdoor Advertising Control Act of 1971 (Act),[1] seeking to enjoin the use of a metallic shed as an advertising device. The shed is located on property near Interstate 81 in Hazle Township which is owned by Defendant Pindar and leased to Defendant Ballard Enterprises, Inc. The shed has painted on it an advertisement for "McDonald's Restaurant". The Department alleged that the sign constitutes a prohibited outdoor advertising device[2] and is maintained without a permit,[3] both in violation of the Act. The Department further alleged that the continued use of the shed for advertisement purposes threatened the Commonwealth's receipt of funds from the federal

---

[1] Act of December 15, 1971, P.L. 596, *as amended,* 36 P.S. §2718.-110 provides in pertinent part:

In addition to the penalties prescribed in this act, the secretary may institute any appropriate action or proceeding after thirty days' written notice of a violation to the person or persons maintaining or allowing to be maintained such device, to prevent, restrain, correct or abate a violation or to cause the removal of any advertising device erected or maintained in violation of the provisions of this act, or the secretary may have any such device corrected or removed by his employes.

[2] 36 P.S. §2718.104.

[3] 36 P.S. §2718.107.

government. The Defendants had actual notice of the requirement for a permit pursuant to a letter from the Department dated June 28, 1982. However, the Defendants did not apply for a permit until after the instant suit had been initiated.

The Defendants, by way of answer and new matter, argued before Judge LEHMAN that the sign is permitted to be located along Interstate 81 and that it should remain as is pending the outcome of the administrative review of the permit application. The Defendants offered no justification for its failure to apply for a permit.

In his opinion, Judge LEHMAN refused to address the Defendants' arguments regarding the lawfulness of the sign (*i.e.* whether a permit should be issued) as it was felt that those issues should more appropriately be determined in the first instance by the Department in its review of the permit application. Judge LEHMAN concluded that given the Defendants' delay in seeking a permit, the sign should be covered pending the Department's review of the application.

The Defendants in their exceptions contend: (1) that the sign should remain as is pending the outcome of the Department's review of the permit application; and (2) that this Court should adjudicate, or remand for adjudication, those issues regarding the lawfulness of the sign.

Initially, it is our view that Judge LEHMAN was correct in refusing to address the merits of whether the sign is lawful under the Act. That determination is one which should more appropriately be addressed in the first instance by that agency which clearly possesses the experience and expertise. *See Elkin v. Bell Telephone Co. of Pennsylvania*, 491 Pa. 123, 132, 420 A.2d 371, 376 (1980). Our only consideration is whether the Defendants have violated the Act by

maintaining a sign without a permit and, if such a violation is found, whether the Defendants should be required to cover the sign pending the Department's decision on the permit application.

After a careful review of the record, it is our view that the Department is entitled to the relief sought. It was not until after the inception of the insant action that the Defendants finally applied for a permit as is required by the Act. The consequences of any further delay should fall on the Defendant. Accordingly, the decree nisi is affirmed.

ORDER

AND Now, April 26, 1984, the Defendants' exceptions are dismissed and final judgment is entered in favor of the Pennsylvania Department of Transportation.